MARY McNABB, Appellant, v. HOOVER McNABB, Appellee.

DIVORCE: Grounds—Drunkenness—Knowledge of Complainant.
1 One who marries a known habitual drunkard, under promise of the offending party to reform, will not be granted a divorce on the ground that such habit of drunkenness continued.

DIVORCE: Grounds—Cruelty—Desertion—Evidence. Evidence held
2 insufficient to grant a divorce on the grounds of either cruelty or desertion.

*Appeal from Mahaska District Court.*—K. E. WILLCOCKSON, Judge.

FEBRUARY 16, 1918.

ACTION for divorce. Plaintiff's petition was dismissed on the merits, and she appeals.—*Affirmed.*

*Dan Davis,* for appellant.

No appearance for appellee.

PRESTON, C. J.—In her petition, plaintiff asked for a divorce on three grounds: desertion; cruel and inhuman treatment; and that defendant has become an habitual drunkard since the marriage.

There was no appearance in the district court for defendant, either in person or by counsel, and a default was entered against him. The plaintiff's evidence was taken down by the reporter. Plaintiff was examined as a witness in her own behalf, as was her mother, and another witness. There was cross-examination by the court, but very little of the cross-examination is set out in the abstract. Under the circumstances, we have thought it proper to order a transcript of the evidence, in order that we may have the case as nearly as may be as it was presented to the trial court.

1. DIVORCE: grounds: drunkenness: knowledge of complainant.

It appears that plaintiff had been married to another man, by whom she had five children. She has no children by the defendant. The first husband obtained a divorce from her, but the grounds are not shown in the abstract. Plaintiff had obtained a divorce from the defendant, but had remarried him. Plaintiff testifies to her husband's habits of intoxication, and there is some corroboration by other witnesses at this point; but it appears that defendant was an habitual drunkard before she married him the last time. She testifies that, before she married him the last time, he promised her he would take the cure for the liquor habit, and that he would not drink any more, but that he was not cured, and began his drinking habits again a few days after the last marriage. Under such circumstances, we think the requirements of the statute have not been met; that, to entitle her to a divorce on that ground, he must have become an habitual drunkard after the marriage.

2. DIVORCE: grounds: cruelty: desertion: evidence.

Plaintiff testifies as to acts of cruelty which, if corroborated, would perhaps justify the court in granting a divorce. Some of her testimony is in the nature of conclusions, and is such that she could have no

personal knowledge,—such as that he hunted her with a re-
volver. The only evidence that could be claimed as corrob-
oration as to the alleged cruelty is given by plaintiff's moth-
er. The mother does not testify to having seen any acts of
cruelty on the part of the defendant towards plaintiff. She
says he came over to her house, as we understand it, after
plaintiff had gone, and that defendant had a gun, but does
not testify that defendant made any attempt to use it, or
what he did with it, or that any threats were made, or that
plaintiff was present; so that the testimony as to this is
that of the plaintiff alone, and her evidence is not entirely
satisfactory. The Code, Section 3173, provides that no
divorce shall be granted on the testimony of the plaintiff
alone.

Such is the situation, too, in regard to the charge of
desertion. She testifies that she left the defendant two
years before the bringing of the action, because of his mis-
treatment of her. The mother testifies in regard to the
separation at about that time, but does not show
that they have not lived together since. Another witness
on this branch of the case testifies that plaintiff worked for
her, two or three months of the alleged two years' desertion,
and that she had never lived with the defendant since then,
to her knowledge. But the witness lived in the town of
Washington, Iowa, and the plaintiff and defendant in an-
other town, except the time that plantiff worked for wit-
ness. It is not shown that the witness was so situated as
to have any knowledge on the subject, except for the short
time plaintiff worked for her.

The absence of any appearance for the defendant in the
district court or in this court makes it an unsatisfactory
way to present the case to us. The trial court had the
advantage of seeing the witnesses. It is our conclusion that
the showing is not sufficient to justify a divorce. We have
examined the transcript, which shows some other matters

than those referred to, which strengthen our conclusion that the record does not present a case for reversal. Indeed, taking the entire record, it is clearly manifest that plaintiff did not show herself entitled to a divorce.

Though it does not appear in the abstract, the transcript shows that, after plaintiff obtained a divorce from her first husband she married one Arnold. She was indicted, with Arnold, for a crime, but was acquitted. Arnold was convicted, and she obtained a divorce from him; and she then married again. It is not quite clear; but, as we gather from the record, and from the cross-examination of plaintiff by the court, plaintiff also obtained a divorce from one Rishmiller, on the ground of desertion. At any rate, plaintiff testifies that she has been married four times, but to only three men. It appears, too, that, in December, 1916, she attempted to get a divorce from the defendant in the Keokuk County district court, on the same grounds as now alleged, except desertion. That case was tried before Judge Talbott, and her petition dismissed on the merits, April 3, 1917. Plaintiff's mother testified, on the examination by the court, that, for the last fifteen or sixteen years, the defendant has been in the habit of getting drunk. She also testifies that defendant would come down and visit witness, and that he came when plaintiff did, a part of the time, and part of the time he did not; but the date when plaintiff and defendant visited together is uncertain. Witness Bickford, who testified in regard to the alleged desertion, testified, on examination by the court, that all she knew about it was what plaintiff told her, except while plaintiff was at the home of witness in Washington.

The judgment is—*Affirmed.*

LADD, GAYNOR, and STEVENS, JJ., concur.